United States District Court
Southern District of Texas
**ENTERED**
May 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTARES UNDERWRITING LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-00904 |
| | § | |
| MAGELLAN E&P HOLDINGS INC., *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

## I.    INTRODUCTION

Pending before the Court are the plaintiff's, Antares Underwriting Limited "Antares", motion to dismiss the intervention of KLX Energy Services, LLC d/b/a Great White Well Control ("GWWC"), GWWC's response, the defendant and counterclaimant, Ronald J. Sommers, Trustee for the Magellan Estate, has joined in Antares' motion to dismiss, and Antares' reply to GWWC's response.[1]  *See* [DEs 20, 25, 24 and 26, respectively].  After a review of the relevant documents and an analysis, the Court determines that Antares' motion to dismiss should be granted.

---

[1] In his response to the intervention, the Trustee states:
  "The Trustee does not concur in the statement that "the Well was brought under control, as defined in the Policy, on October 8, 2020."  [Doc. 20, p.5].  That issue is the core of the dispute between Antares and the Trustee.  Nor does the Trustee agree that the "well-control expenses" were only "$6.9 million."  *Id.*  The Trustee also does not agree that "Antares promptly denied coverage."  [Doc. 20, p. 6].  None of these statements bear upon the issue raised by the Motion, specifically, whether GWWC has any rights under the Policy, which it does not."

## II.    FACTUAL BACKGROUND AND CONTENTIONS

In 2021, Antares filed this lawsuit raising claims/defenses concerning insurance coverage under Energy Package Policy No. B1180DQ0068 that provided coverage to Magellan E & P Holdings, Inc., ("Magellan") in the event of damage to the Well during development.  The Policy covered the period effective June 30, 2020 to June 30, 2021.  In August 2020, the Well suffered a blowout occurrence.  Antares filed a declaratory judgment suit against Magellan, challenges the costs associated with the blowout.  It is undisputed that Antares insured Magellan under the Policy and that the Policy would cover certain costs incurred by Magellan to regain control of the Well, to restore or redrill if restoration was impossible or improbable.

Indeed, the Well suffered a blowout on August 31, 2020, and on or after September 1, 2020, Magellan entered into an Emergency Agreement with GWWC for well control services.  That Agreement was later amended; however, but neither the Emergency Agreement nor the Amendment was executed by Antares.  According to GWWC, both the Agreement and the Amendment were effective on September 1, 2020, and were executed before GWWC began preforming well-control work.  Prior to beginning work, GWWC insisted that it be added to the Policy by Magellan as an "additional insured." Redmon-Keys, the provider of the Policy, added GWWC as requested, pursuant to the Agreement.

In this lawsuit, GWWC asserts that it is an "additional insured" under the Policy based on:  (1) the terms of the Policy that permits adding additional insureds; (2) the provisions in the Amendment between GWWC and Magellan that required Magellan to

2 / 6

obtain/maintain "Operator's Extra Expense and Control of the Well" insurance that would include GWWC as an additional insured; and, (3) the costs GWWC incurred in performing well-control work because that work was performed under the Agreement.

On March 9, 2021, GWWC filed a lawsuit against Magellan, Antares and Redmon-Keys, the producer of the Policy, in a state court in Harris County, Texas.  On March 30, Magellan filed for Chapter 7 bankruptcy in the Southern District of Texas, and GWCC's lawsuit was "stayed".  On or about June 2022, the "stay" was lifted.  Thereafter, on September 20, 2023, GWWC filed its complaint for intervention in Antares suit for a declaratory judgment, currently before the Court.

## III.    ANALYSIS AND DISCUSSION

This issue before the Court is whether GWWC has stated a plausible right to bring an independent or "stand alone" lawsuit against Antares.  Antares' motion to dismiss, brought pursuant to FRCP, Rule 12(b)(6), challenges GWWC's ability to maintain such a cause of action.  Antares' motion to dismiss is joined by the Trustee of the Magellan Estate and has addressed the issue of what constitutes a "plausible" cause of action while raising other issues.  *See* [Fn. Number one].

A well-pled complaint must provide the legal or factual grounds for entitlement to relief which, requirement, reaches beyond labels and conclusions or a recitation of the elements of a cause of action.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (1986); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007).  That has not occurred here.  It is the Court

opinion GWWC's claim for relief fails because the undisputed facts show that GWWC was not an "additional insured" under the Energy Package Policy at or before the time of the blow out.  *See Two Pesos, Inc., v*v. *Gulf Ins. Co.,* 901 S.W.2d 495, 502 (Tex. App.— Houston [14th Dist.] 1995, no writ.  Therefore, there is no standing for an independent cause of action by GWWC.[2]   While there was an exchange of Agreement between Magellan and GWWC and between Magellan and Redmond-Keys to add GWWC, as an additional insured, those Agreements did not alter the terms of the Policy on which Antares was obligated, nor do they satisfy the legal requirements for such standing.

This Court has previously stated that under both state and federal law, GWWC could not have been added as an additional insured during the progress of the blowout.  *See Certain Underwriters at Lloyds, London v. Oryx Energy Co.,* 957 F. Supp. 930, 936-37 (S.D. Tex. 1997).  *See also Franklin v. Furgo-McClelland* (*Southwest*), *Inc.,* 16 F. Supp. 2d 732, 735 (S.D. Tex. 1997).   The evidence is undisputed that at the time GWWC entered into the Agreement with Magellan in September of 2020, the Well was out of control and had been so since effective August 31, 2020.  Thus, the event that gave rise to a claim occurred before GWWC was added by Redmon-Keys as an additional insured.  This fact is not disputed by GWWC.

The evidence is also undisputed that Antares was not a party to the Magellan/GWWC Agreement.  While it appears that GWWC and Magellan executed documents that would ordinarily, in the course of Well development, have included

---

[2] The Policy provides that only the "Slip Leader" can agree for other parties to have separate rights and interests as an insured under the Policy.

GWWC as an additional insured, the timing of the acquisition negates any independent legal basis for Policy coverage.

GWWC directs the Court to another "blowout" case handled by this Court that it claims is factually and strikingly similar to the case before the court.  In that case, GWWC points out that the Insurer's motion to dismiss was denied.  *See* [*Lloyd's of London Syndicated 2987 v. Bison Drilling and Field* Services; Case No. 18-CV-2677, 2019 WL 1060892 (S.D. Tex. Feb. 1, 2019)].  However, there is a distinction between the two Policies that cannot be ignored.   In the *Bison* case, the insured agreed by written contract to provide Bison with a certificate of insurance that not only listed Bison as an additional insured, under the Policy, but also stated that the parties agreed to "automatically" include the interest of the additional insureds.  In the case at bar the "automatically included" language is absent.

The Court also points out that the dispute in *Bison* did not center on an agreement that was executed after the blowout occurred but on contractual obligations between the parties to "automatically" include an additional insured under the Policy and the Agreement.  It is clear to the Court that the Policy in the Bison case provided that it automatically included any additional insureds.  Unlike in *Bison*, the GWWC/Magellan Agreement that required additional coverage came after the blowout event.  Hence, *Bison* does not aid GWWC's cause.

## IV.    CONCLUSION

Based on the foregoing analysis, the Court determines that Antares' motion to dismiss GWWC's complaint in intervention is and should be DISMISSED pursuant to FRCP, Rule 12(b)(6). This Memorandum and Order is not intended to address any claim(s) that GWWC may have as a creditor of the Magellan bankruptcy Estate or any defenses that the Trustee may raise on behalf of the Magellan Estate.

It is so Ordered.

SIGNED on May 1, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge